IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IFTEKHAR UDDIN AHMED | : | |
| Petitioner | : | |
| v | : | Civil Action No. DKC-05-1540 |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT | : | |
| | : | |
| Respondent | | |

. . . .o0o. . . .

**MEMORANDUM**

The above-captioned Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, alleges that Petitioner, an alien subject to an order of deportation, is entitled to be released from custody. Paper No. 1.  Pending is Respondent's Preliminary Response seeking dismissal of the Petition and informing this court if its intent to remove Petitioner from the United States on June 27, 2005.  Paper No. 2.  For the reasons stated below, the Petition shall be dismissed.

Petitioner is a native of Bangladesh admitted to the United States as a visitor on November 9, 1997, and authorized to remain until March 8, 1998.  Paper No. 2 at Ex. A.  Petitioner over-stayed his visa and was found deportable by decision issued February 2, 2000.  The Immigration Judge's decision was appealed to the Board of Immigration Appeals, resulting in dismissal of the appeal on December 18, 2001.  *Id*. at Ex. B.

Petitioner has been in the custody of Respondent since December 10, 2004, pending his removal to Bangladesh.  A travel permit has been obtained and Petitioner is scheduled to depart for Bangladesh on June 27, 2005.  *Id*. at Ex. C.  Petitioner does not allege that he should not be deported; rather, he alleges that he should be released from incarceration pending his departure for Bangladesh, because his detention has lasted for an unreasonable period of time.  Paper No. 1.

The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) governs the issue of whether an alien's detention pending removal is constitutional. In *Zadvydas*, the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period. After this period:

> "[o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

*Zadvydas*, 533 U.S. at 700. The 6-month rule announced in *Zadvydas* does not require the automatic release of detainees subject to deportation. Clearly, there must be evidence, such as the lack of a repatriation agreement with the detainee's native country, that removal is unlikely. *See e.g. Pelich v. INS*, 329 F. 3d 1057, 1060 (9th Cir. 2003) (detainee can not argue that removal is unlikely when his decision to cooperate is the controlling factor).

There is no evidence in this case that removal is unlikely to occur. In fact, Respondent has produced evidence that Petitioner will be removed in a matter of weeks. Accordingly, there is no basis for a finding that Petitioner's continued detention is unreasonable in light of his imminent removal from this country. A separate order dismissing the petition, follows.

June 9, 2005                               /s/
Date                                DEBORAH K. CHASANOW
                                    United States District Judge

2